```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KUSUMAM CHETHICOT,

                Plaintiff,                    19-cv-

        -against-

1199 SEIU NATIONAL BENEFIT FUND,

                Defendant.
---------------------------------------------------------X
```

## ERISA COMPLAINT

**A.   Introduction**

1. This is an action for full health retirement benefits pursuant ERISA 29 U.S.C. 1001 et. seq. under a retirement plan in which Plaintiff maintains she was physically disabled under the plan and unable to continue working and entitled to full health care benefits.

**B.   The Parties**

2. The Plaintiff KUSUMAM CHETHICOT (62 years old) (hereinafter "Plaintiff"), was at all times relevant in the complaint a resident of Staten Island.

3. Plaintiff is a recipient of Defendant's benefits.

4. Defendants 1199 SEIU NATIONAL BENEFIT FUND (herein after referred to at all times as "the Pension Fund") is a national labor-management fund, providing a range of comprehensive benefits to 400,000 working and retired healthcare industry workers—members of 1199SEIU United Healthcare Workers East—and their families. Through the Benefit and Pension, members enjoy complete health benefits, and a defined monthly pension at retirement, among other benefits.   Defendants 1199 SEIU NATIONAL BENEFIT FUND is a defined benefit pension plan

administered pursuant to ERISA under by Section 3(21) of ERISA, 29 U.S.C. §1002(21).  The acts complained of herein occurred in part in the Eastern District of New York.

4. Plaintiff was a covered member of 1199 SEIU NATIONAL BENEFIT FUND, and was a participant of Disability, Health, Life and Long-Term Care Insurance at all relevant times.

5. At all times hereafter mentioned, the plan was and is a duly organized and existing qualified trust pension plan as defined in 26 U.S.C. 401 and 26 U.S.C. 411.

6. The acts complained of herein occurred within the jurisdiction of the United States District Court for the Eastern District of New York.

**C.     Jurisdiction**

8. The Plan was designed and intended to qualify under the requirements of ERISA and upon information does in fact qualified as a plan pursuant to 29 U.S.C. 1002 (1) and (3).

9. This Court has jurisdiction to hear this ERISA claim pursuant to 29 U.S.C. 1132 and venue is proper in that Defendants can be found in this District.

10. At all times, the Plaintiff is qualified participant in the plan pursuant to 29 U.S.C. 1132.

**D.     Factual Statement**

11. Plaintiff has been a CNA (Certified Nursing Assistant) for almost 30 years at the Eger Health Care center.

12. During Plaintiff's employment, she became a member of the 1199 SEIU NATIONAL BENEFIT FUND.

13. On October 8, 2016, Plaintiff had an in line of duty injury (LODI) while exercising her capacities as a CNA at the Eger Healthcare Center in Staten Island.

14. Specifically, on that day while taking care of a male patient, he became very agitated, twisted and pulled Plaintiff's right hand, kicked Plaintiff's stomach and her right knee.

15. As a result of this incident, Plaintiff's right rotator cuff was fully torn and despite painful extensive surgery to repair it, thereafter, Plaintiff became disabled and unable to continue working.

16. As a direct result of this incident, Plaintiff could no longer work. Plaintiff's doctors concurred that due to her injuries, she can no longer exercise her duties and responsibilities as a CNA.

17. In addition, due to her injuries, Plaintiff was eligible and receives worker's compensation benefits and the worker's compensation board determined that Plaintiff was 60% disabled.

18. Unable to continue working, Plaintiff duly apply to receive retiree full health benefits under 1199 SEIU NATIONAL BENEFIT FUND of which she is a member of.

19. Defendant Pension Fund denied those benefits.

20. Plaintiff duly internally appealed the decision to the 1199 SEIU benefit Funds Appeals Committee of the Board of Trustees. The Board denied Plaintiff's appeal.

21. At all times, Plaintiff duly followed the internal appeal process designated as per the Pension Fund and thus, she exhausted her administrative benefits.

**C. Plaintiff is entitled to ERISA benefits**

22. Specifically, the Pension's Fund Board denied Plaintiff's appeal stating that Plaintiff left covered employment in April 2017 while collecting Worker's compensation benefits which commenced in October 2016 and began receiving a pension benefits at the age of 61. Accordingly, Defendants stated in the denial letter that Plaintiff will not be eligible for full health benefits since

Plaintiff was not 62 years old at the time of retiring (Plaintiff had to retire shortly before her 62nd birthday)

23. However, in order to be eligible, the plan states: There are 2 ways for a member to be eligible for the full package of Pre-Medicare health benefits until the age 65. The first way is when the member 1) is receiving the 62/20 pension benefit, which is for pensioners between the ages of 62 and 64 years old with at least 20 years of pension fund credited service, with at least one day of pension credited service or vesting service after their 62nd birthday, or 2) was covered by the benefit fund as an active employee right before retirement OR be receiving benefit fund disability OR have received an award (permanent or partial disability from worker's compensation for a disabling condition or event that commenced or occurred while you were actively employed by a contributing employer or fund. A second way to received full health benefits prior to age 65 is as a disability pensioner.

24. In the case at hand, Plaintiff is a disability pensioner due to her injury at the workplace, which was a direct cause of her disability.

25. In addition, Plaintiff also is a recipient of workers compensation due to injury at the workplace (LODI).

26. Therefore, it was arbitrary and capricious to deny Plaintiff of ERISA benefits she is entitled too.

27. Plaintiff cannot exercise the material and substantial duties of her regular occupation due to her serious medical condition.

28 Given all the medical documentation submitted in the internal appeal, Defendant's conclusion that Plaintiff is not eligible is erroneous.

29. Given that Plaintiff qualifies for full health benefits, Defendant decision is arbitrary and capricious and thus Plaintiff is entitled to ERISA benefits.

30. Plaintiff has exhausted all administrative remedies available to her under the policy.

31. Defendant's denial of Plaintiff's claim for benefits was a breach of the insurance contract.

32. Defendant's denial of the Plaintiff's claim was capricious in that it was unpredictable as it blatantly ignored that Plaintiff qualifies for such benefits.

33. As a direct and proximate result, the actions, Plaintiff has incurred attorneys' fees in an amount not yet known to Plaintiff.

34. As a direct and proximate result of the actions, Plaintiff has sustained damages in an amount not now known to Plaintiff but on information and belief, such damages will approximate the amount of the benefits due Plaintiff in accordance with the plan.

## FIRST CLAIM FOR RELIEF

35. The continued denial of Plaintiff's rights under the guise that she does not qualify for full health benefits deprives her of benefits and is arbitrary, illegal, capricious, unreasonable and contrary to 29 U.S.C. 1001 et. seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment in her favor and against Defendants as follows:

a. Declaring plaintiff is eligible for full health benefits and ordering the Plan to provide full health benefits to Plaintiff;

b. Declaring that all rights and benefits due to Plaintiff be vested and non-forfeit able;

c. Awarding Plaintiff, a money judgment for sums due and owing which approximate

        the amount of the benefits due to Plaintiff in accordance with the plan;

d.     Awarding that Defendants pay Plaintiff's costs of this suit, together with a reasonable attorney's fee pursuant to 29 U.S.C. 1132 (g) (1);

e.     Any other relief that is just and equitable;

Dated: New York, New York
       July 1, 2019

                             STEWART LEE KARLIN
                             LAW GROUP, PC

                             /s/*Natalia Kapitonova*
                             NATALIA KAPITONOVA, ESQ.
                             STEWART LEE KARLIN, ESQ.
                             Attorneys for Plaintiff
                             111 John Street, 22nd Floor
                             New York, NY 10038
                             (212) 792-9670